ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. JOE STOKES.

Decided November 16, 1906.

Carrier—Limiting Liability—Charge.

Where cattle to be transported over several lines of road were carried under a contract limiting the liability of each carrier to the damage done on its own line, and the evidence showed that some of the damage to the cattle did not occur on defendant's line, it was error to charge the jury that it was the duty of the defendant to use ordinary care and diligence in handling and transporting said cattle from the point of shipment to destination.

Appeal from the County Court of Mitchell County. Tried below before Hon. W. B. Crockett.

*Ed. W. Smith,* for appellant.

*Ed. J. Hamner,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—On account of the errors specified in the third and fourth assignments of error, the judgment in this case must be reversed. The third assignment complains of the instruction to the jury that it was the "duty of the St. Louis & San Francisco Railway Company to use ordinary care and diligence in handling and transporting said cattle from Sherman, Texas, to their destination;" and the fourth complains of the court's refusal to give the following instruction: "You are charged that the St. Louis & San Francisco Railway Company is not liable for any injuries or delays, if any, occurring to plaintiff's cattle after their delivery to the Terminal Railroad Association in the city of St. Louis, Missouri." The cattle were carried under a contract limiting the liability of each carrier to the damage done on its own line. The answer to these assignments offered by the appellee is that if there was any error in the ruling complained of "it was immaterial, as the proof shows no damage done to appellee's cattle after they were delivered to the terminal company at St. Louis, and between there and the stock yards." But the statement of facts fails to sustain this contention. According to the testimony of

appellee himself, there was an unreasonable delay of about two hours after the cattle, were delivered to the terminal railway, which resulted in injury to them, as will be seen from the following quotation from his testimony: "We got to Terminal Junction about three o'clock and the cattle were unloaded at six o'clock. It is four miles from the Junction to the yards. An hour is a reasonable time to get over to the yards, while we were about three hours. . . . These cattle were nearly three hours going from Terminal Junction at St. Louis proper over to the stock yards. They often make it in an hour; that delay in getting them to the stock yards injured them." The testimony of appellant's witnesses, however, tended to prove that the delay on the terminal railway was less than that shown in appellee's testimony, and we are therefore asked to adopt the view that appellee was mistaken, but according to the testimony of all the witnesses there was some delay, which, according to the testimony of appellee, resulted in some injury to the cattle.

*Reversed and remanded.*